UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JESUS JAVIER HUILTRON SANCHEZ,
ESPIRIDION VALDOVINOS LUCATERO,
FRANCISCO PEREZ LUCATERO, and
NARCISO GALLEGOS MORALES,

        Defendants.
_____/

NO. Cr. S-05-0443 WBS

ORDER RE REQUEST FOR
SUBPOENA DUCES DECUM

----oo0oo----

        The court has received from one of the defendants a request for authorization to issue a subpoena duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.  A defendant requesting a subpoena under Rule 17(c) must demonstrate that the materials sought are both relevant and admissible, and must identify the materials to be produced with specificity.  United States v. Nixon, 418 U.S.683, 699-700(1974); United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981).

1

1         The request here is typical of what the court has been
2    receiving from the criminal defense bar more frequently in recent
3    weeks.  This particular one is directed to the Custodian of
4    Records of the Shasta County Sheriff's Office.  The description
5    of the documents requested in the subpoena begins with the words,
6    "any and all records regarding [a certain case number in the
7    Sheriff's office], including but not limited to the following."
8    It then goes on to ask for "all reports, notes or memoranda of
9    any kind reflecting statements made during the post indictment
10   debriefings by [several named persons]"; "full Shasta County
11   Sheriff's Office reports, witness interviews, memoranda or other
12   documentation prepared [in a specified two year period],
13   concerning the growing of marijuana in the grow sites located in
14   the vicinity of [a specified area]"; "full Shasta County
15   Sheriff's Office reports, notes and other documentation
16   concerning the 'raids' of all of the marijuana cultivation sites
17   [in a specified area on a particular date]"; and certain video
18   tapes.[1]

19         A subpoena under Rule 17(c) "is not intended to serve
20   as a discovery device, or to 'allow a blind fishing expedition
21   seeking unknown evidence.'" United States v. Reed, 726 F.2d 570,
22   577 (9th Cir. 1994).  Yet, that is exactly what the court has
23   been seeing in recent weeks.  Whenever a subpoena calls for "all
24   records regarding" a particular subject, "including but not

---

[1]     Because it is generally the practice of this court to consider requests for Rule 17(c) subpoenas ex parte, (See United States v. Tomison, 969 F. Supp. 587 (E.D.Cal 1997)) the court discusses the particulars of this request only in as much detail as is necessary to explain the reasons for the court's decision not to authorize the subpoena as requested.

2

limited to" the described documents it signals a fishing expedition.  The fact that the subpoena here is directed to a law enforcement agency, and particularly the law enforcement agency which probably was responsible for the investigation of this very case, further signals that the subpoena is an attempt to circumvent the ordinary restrictions on discovery in criminal cases.

Rule 17c) was designed as a method of compelling witnesses with relevant and admissible documentary evidence to bring those documents to the trial or hearing at which they will be offered in evidence.  The fact that the rule goes on to permit the court to direct the witness to produce the designated items in court before they are actually to be offered into evidence was not meant to convert Rule 17(c) into a discovery device.  The discovery tools available to defendants in criminal cases are limited, and are to be found elsewhere in the Federal Rules of Criminal Procedure, not in Rule 17.

Here, there is feint showing that the requested documents are admissible. Witness interviews, memoranda, notes, reports, and the debriefings of third parties would clearly appear to be hearsay.  With the possible exception of the video tapes, there is no clear indication that any of the requested information would be admissible at trial.  Further, although some of the examples of what is requested are specific, by expanding the scope of the subpoena to require production of all records regarding the particular case and all reports, notes or memoranda on a particular subject, the subpoena is not sufficiently specific to separate the relevant materials from the irrelevant.

1  As such, the request would place an unreasonable burden on the
2  party who receives it to determine exactly what must be produced.
3          IT IS THEREFORE ORDERED that the request for
4  authorization to issue the subpoena to the Custodian of Records
5  of the Shasta County Sheriff's Office, in its present form, be,
6  and the same hereby is DENIED.
7  DATED:  January 9, 2007

                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE