UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JESUS JAVIER HUILTRON SANCHEZ,
ESPIRIDION VALDOVINOS LUCATERO,
FRANCISCO PEREZ LUCATERO, and
NARCISO GALLEGOS MORALES,

        Defendants.
_____/

NO. Cr. S-05-0443 WBS

ORDER RE EX PARTE REQUEST FOR RECONSIDERATION

----oo0oo----

        The defendant who submitted the request for subpoena duces tecum, which was denied in this court's order of January 9, 2007, has moved ex parte for reconsideration of that order. Again, the court discusses the details of the request only insofar as necessary to explain the reasons for this order.

        In the instant request, defendant discusses in some detail the discovery proceedings before the magistrate judge thus far in this case, and suggests that "the U.S. Attorney's office

1

1  for the Eastern District of California has a pattern of
2  misleading the court and opposing counsel about evidence in the
3  possession of local law enforcement agencies (and particularly
4  exculpatory evidence)."  Thus, counsel urges that the defense
5  needs to subpoena the files directly from the local investigating
6  agencies in order to assure that the government has met its
7  obligations under Brady v. Maryland, 373 U.S. 83 (1963).  Whether
8  the local agency is able to comply with the request or not, a
9  broad subpoena for the records of the local law enforcement
10 agency investigating this case is not the appropriate vehicle for
11 enforcing the government's Brady obligations.
12        Defendant cites dicta from Judge Karlton's decision in
13 United States v. Tomison, 969 F. Supp. 587 (E.D. Cal. 1997) to
14 the effect that "[t]he notion that because Rule 16 provides for
15 discovery, Rule 17(c) has no role in the discovery of document
16 can, of course, only apply to documents in the government's
17 hands; accordingly, Rule 17(c) may well be a proper device for
18 discovering documents in the hands of third parties." (Id., fn.
19 14).  This court follows the holding of Tomison, i.e., that
20 requests for subpoenas under Rule 17(c) are generally considered
21 ex parte, but respectfully disagrees with the suggestion in the
22 quoted language from footnote 14.  For the reasons discussed in
23 its prior order, this court does not adhere to the notion that
24 Rule 17(c) is properly used as a discovery device.
25        Nothing has been presented to cause the court to
26 change its order of January 9, 2007.  IT IS THEREFORE ORDERED
27 that defendant's ex parte request for reconsideration of its
28 order denying authorization to issue the requested subpoena duces

2

1 | tecum pursuant to Rule 17(c) of the Federal Rules of Criminal
2 | Procedure be, and the same hereby is DENIED.
3 | DATED:  January 22, 2007

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE